J-S31009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
v.    :
   :
   :
DENNIS GERARD KOWALSKI    :
   :
Appellant    :    No. 257 EDA 2025

Appeal from the Judgment of Sentence Entered December 11, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000617-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED OCTOBER 15, 2025**

Dennis Gerard Kowalski appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas on December 11, 2024, following his guilty plea to homicide by vehicle and driving under the influence ("DUI"), General Impairment. Additionally, Kowalski's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel permission to withdraw.

On April 8, 2024, Kowalski was charged by criminal information with the following charges:

- Count 1: Homicide by Vehicle While DUI, 75 Pa.C.S.A. § 3735(A)(1)(i), a felony of the second degree
- Count 2: Aggravated Assault By Vehicle While DUI, 75 Pa.C.S.A. § 3735.1(A), a felony of the second degree
- Count 3: Homicide By Vehicle, 75 Pa.C.S.A. § 3732(A), a felony of the third degree

- Count 4: Aggravated assault by vehicle, 75 Pa.C.S.A. § 3732.1(A), a felony of the third degree
- Count 5: Aggravated Assault – Attempts to cause SBI or causes injury with extreme indifference, 18 Pa.C.S.A. §2702(A)(1), a felony of the first degree
- Count 6: Involuntary Manslaughter, 18 Pa.C.S.A. § 2504(A), a first-degree misdemeanor
- Count 7: Simple Assault, 18 Pa.C.S.A. § 2701(A)(2), a second-degree misdemeanor
- Count 8: DUI Controlled Substance – Metabolite – 4th and Subsequent Offense, 75 Pa.C.S.A. § 3802(D)(1)(iii), a felony of the third degree
- Count 9: DUI Controlled Substance – Impaired Ability – 4th and Subsequent Offense, 75 Pa.C.S.A. § 3802(D)(2), a felony of the third degree
- Count 10: DUI Controlled Substance – Schedule 2 or 3 – 4th and Subsequent Offense, 75 Pa.C.S.A. § 3802(D)(1)(ii), a felony of the third degree
- Count 11: Failure to Carry Registration, 75 Pa.C.S.A. § 1311(b)
- Count 12: Operating Vehicle without Required Financial Responsibility, 75 Pa.C.S.A. § 1786(f)
- Count 13: Disregard Traffic Lane, 75 Pa.C.S.A. § 3309(1)
- Count 14: Carless Driving – Unintentional Death, 75 Pa.C.S.A. § 3714(b)
- Count 15: Reckless Driving, 75 Pa.C.S.A. § 3736(a)
- Count 16: Failure to Carry License, 75 Pa.C.S.A. § 1511(a)

The charges stemmed from an accident that occurred in September 2021, wherein Kowalski was arrested after he operated a motor vehicle while impaired and thereby caused the death of the victim, Vienna Valella, the passenger in his vehicle.

On September 13, 2024, the Commonwealth amended the information to remove the DUI charges (Counts 8 through 10) and violations of the vehicle code (Counts 11 through 16), and added a new Count 8 – DUI: General Impairment / Incapable of Driving Safely – 4th Offense & Subsequent Offense, 75 Pa.C.S.A. § 3802(A)(1), a felony of the third degree. On the same date,

Kowalski entered a guilty plea to Amended Count 8: DUI, General Impairment (4th Offense) and Count 3: Homicide by Vehicle. Kowalski affirmed these charges stemmed from him operating a motor vehicle while impaired to such an extent that he was incapable of safe driving, it was his fourth or subsequent DUI within the last 10 years, and he recklessly or with gross negligence, caused the death of the victim. *See* N.T., Guilty Plea, 9/13/24, at 6-7.

On December 11, 2024, the trial court sentenced Kowalski to 12 to 60 months' incarceration for the homicide by vehicle charge, and a consecutive 12 to 60 months' incarceration for the DUI charge, for an aggregate term of 24 to 120 months' incarceration. The trial court noted at the sentencing hearing, and in the sentencing order, that Kowalski is ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program and the Motivation Bootcamp program. The court further noted that the Commonwealth objected to Kowalski's participation in the State Drug Treatment Program ("SDTP").

On December 19, 2024, Kowalski filed a motion for modification of sentence, which the court denied. Kowalski subsequently filed a *pro se* notice of appeal, along with a 1925(b) concise statement in which he raised one issue challenging the court's denial of his post-sentence motion, specifically contending the court should have imposed the SDTP. On February 19, 2025, Kowalski filed another *pro se* 1925(b) concise statement, raising essentially the same issue but adding, for the first time, that the court erred in failing to impose the sentence he was advised he would receive by plea counsel. After

a hearing, the court granted Kowalski's request to proceed *in forma pauperis* and appointed counsel to represent Kowalski for appeal purposes. After receiving an extension of time to file a brief, counsel filed a motion to withdraw as counsel, along with an ***Anders*** brief.

We turn first to counsel's petition to withdraw. To withdraw pursuant to ***Anders***, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [***Anders***] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of ***Anders***, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

An ***Anders*** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in *Anders*. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Kowalski's appeal is frivolous. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Kowalski, and his assessment of why those issues are meritless, with citations to relevant legal authority. While counsel indicates in his petition to withdraw that he sent a letter to Kowalski advising him of his rights, no such attachment appears along with the petition to withdraw in the record. However, counsel did attach a copy of the letter to his *Anders* brief, filed on the same date. The letter informs Kowalski that counsel reviewed the record, found the appeal wholly frivolous, and advised Kowalski that he has the right to retain new counsel in pursuit of his appeal or proceed *pro se* and that he has the right to submit any additional issues he believes are meritorious.

Counsel has therefore complied with the requirements of *Anders*. Kowalski has not filed a response. As such, we proceed to a review of the issues outlined in the *Anders* brief.

The ***Anders*** brief presents a potential challenge to the sentence imposed as follows:

> Whether the guilty plea/sentencing court abused its discretion in denying the Appellant's motion to modify sentence, and failing to impose the sentence Appellant was advised that he would receive by counsel and not imposing a state drug treatment program sentence pursuant to Pa.R.Crim.P. 720(B)(1)(a)(v)?

Anders Brief, at 4. While counsel presents one issue statement, he divides his argument into three distinct sections: (1) State Drug Treatment Program, (2) Plea Agreement Enforcement, and (3) Sentencing Abuse of Discretion.

First, regarding the procedure for SDTP selection, 61 Pa.C.S.A § 4104(a)(1) states, in pertinent part:

> The sentencing judge shall employ the sentencing guidelines to identify persons who ***are eligible*** for participation in the [SDTP]. The judge shall consider the position of a victim of the crime, as advised by the prosecuting attorney, on whether to exclude the person from eligibility for placement in the [SDTP]. ***The judge shall exclude the person from eligibility if the prosecuting attorney opposes eligibility.*** The judge shall note on the sentencing order if a person has been excluded from eligibility for the [SDTP]. If the person is not excluded from eligibility, the minimum sentence imposed shall operate as the minimum for parole eligibility purposes if the person is not placed in the program by the department under subsection (c) or if the person is expelled from the program under section 4105(f) (relating to [SDTP]).

***Id.*** (emphasis added). The statute does not "[c]onfer any legal right upon any individual ... to ... participate in a drug offender treatment program." ***Id.*** § 4108(1)(i). Even if the court concludes a defendant is not excluded from eligibility, ultimately, the Department of Corrections, in its discretion, decides

whether an eligible offender will actually be admitted into the SDTP. ***Id.*** § 4104(c).

At the sentencing hearing, the Commonwealth noted its opposition to the SDTP. ***See*** N.T., Sentencing, 12/11/24, at 10. In response to the court asking its reasoning, the Commonwealth explained the victim's family was not in agreement with the program. ***See id.*** Further, the Commonwealth did not believe Kowalski should get the benefit of the program based on the fact that the victim's death was not enough to change him, given his numerous arrests after the fatal incident at issue. ***See id.*** at 10-11. The court then made clear to Kowalski that "the option of the state drug treatment program is not on the table. That's the Commonwealth's right. It's not on the table, I respect that." ***Id.*** at 12; ***see id.*** at 15 (court giving its reasons for respecting the Commonwealth's position on the SDTP); ***see also id.*** at 18 (court ensuring that the sentencing order includes a reference to the Commonwealth's objection to participation in the SDTP).

Based on the above, the court properly determined that Kowalski was not statutorily eligible for participation in the SDTP based on the Commonwealth's opposition. The record of the sentencing hearing shows Kowalski was clearly made aware of his ineligibility. Nevertheless, Kowalski did not dispute the Commonwealth's position at any point during the hearing. Nor did he file any post-sentence motion to withdraw his plea on that basis,

or include the failure to sentence him to the SDTP in his post-sentence motion. Accordingly, any such challenge would be waived.

Counsel also raises a potential claim regarding enforcement of an alleged plea agreement as to sentencing. However, we have thoroughly reviewed the record and can find no evidence of any such plea agreement. *See* Pa.R.Crim.P. 590(B)(1) (requiring both parties to state on the record in open court the terms of any agreement reached).

Conversely, it is clear from both the written and oral plea colloquies that Kowalski was informed he was entering an open plea. In his written plea colloquy, Kowalski affirmed that no particular sentence was promised to him. *See* Written Guilty Plea and Colloquy, 9/18/24, at ¶ 9. The only agreement indicated was that the Commonwealth agreed to nolle prosequi all the remaining charges. *See id.* at ¶ 5. Finally, Kowalski affirmed that no one was forcing or threatening him to enter the plea, and that he was satisfied with his counsel. *See id.* at ¶ 12, 14.

Similarly, during the oral plea colloquy, the court emphatically informed Kowalski that his plea was an "open plea", and explained that "means there is absolutely no agreement on sentencing that is binding on [the] court." N.T., Guilty Plea, 9/13/24, at 3. Kowalski affirmed his understanding. *See id.* The court further clarified "if you don't like the sentence I ultimately give you, you will never be able to successfully appeal your sentence or complain that you were promised a particular sentence and I didn't give it to you. Because there

is no promise on any particular sentence, do you understand that?" *Id.* at 3-4. Kowalski again affirmed his understanding. Further, Kowalski affirmed no one was forcing or threatening him to enter the plea, and that he was satisfied with his counsel. *See id.* at 5-6. Therefore, the record reflects there was no agreement as to sentencing and the trial court simply cannot be found to have erred for failing to enforce a sentencing agreement that was not presented to it.

Finally, Kowalski's claim that the trial court erred in failing to impose the SDTP presents a challenge to the discretionary aspects of his sentence. However, because Kowalski pled guilty, we must examine the effect of his guilty plea upon his discretionary sentencing claim "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). "[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *Commonwealth v. Dalberto*, 648 A.2d 16, 18 (Pa. Super. 1994).

Where the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement provides for no sentencing restrictions, the entry of a guilty plea will not

preclude a challenge to the discretionary aspects of sentencing. ***See id.*** at 20. Here, as thoroughly discussed above, Kowalski entered an open guilty plea that did not purport to limit the sentencing court's discretion in any way. Therefore, he may challenge the discretionary aspects of the sentence. ***See id.***

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Kowalski preserved a sentencing issue through filing a timely post-sentence motion and notice of appeal. However, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule

2119(f) statement as precluding review of whether [a]ppellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

In his post-sentence motion, Kowalski requested the trial court to reduce his sentence. Kowalski did not request any particular sentence. Further, Kowalski did not assert the sentence given was excessive or that the court had failed to consider any sentencing factors. Rather, Kowalski simply noted he had shown "more than ordinary remorse for his actions, yet under the circumstances can not avail himself to any state treatment programs …." Motion for Modification of Sentence, 12/19/24, at 3. Kowalski contended the "low range sentence for this offense is a considerable amount of time" for a young man in a case with "no significant aggravating factors." ***Id.*** at 3-4. We cannot say these claims raise a substantial question.

> It is well-established "that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). A claim that the court "refused to weigh" mitigating factors as an appellant **"wished, absent more, does not raise a substantial question."** ***Commonwealth v. Moury***, 992 A.2d 162, 175 (Pa. Super. 2010); ***see also Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).

***Commonwealth v. Rang***, 298 MDA 2023, at *3 (Pa. Super. filed February 5, 2024) (unpublished memorandum).[1]

_____

[1] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

Even if Kowalski's claim had raised a substantial question, we would find

the issue is not meritorious. Kowalski's sentence is not clearly unreasonable.

After hearing from Kowalski, his counsel, the Commonwealth, the victim's

mother, and the victim's son, the court sentenced Kowalski within the

standard sentencing range.

Moreover, the court explained its reasons for its sentence on the record,

as follows:

> To address the victim's mother, you are correct, this event happened in September of '21, and I'm assuming that there were accident reconstruction and toxicology, which can take months and months and months. And so while that was happening, [Kowalski] did pick up several new offenses. But let me say this to you, while that is disheartening and it's frustrating and it can be angering, they are, in my estimation, all drug-related or drug-driven. And so, I agree with the victim's mom, you would have wished at the sight of seeing his loved one -- and I don't doubt that he loved the decedent. I think they were both addicts, that crosses all bounds. But I think that speaks to one of two things: either, there was no wakeup call, and I can't imagine how that happened or didn't happen, I should say; but I think it also speaks to the strength of an addiction, and how tough addiction is. It's a very complex disease.
>
> And Mr. Kowalski, I say this, and I say this to the decedent's family, there is no shame in addiction, zero. But everybody gets a different hand of cards in life dealt to them, and so you get this terrible addiction card in your hand. But it is still up to you how you play it. You do not have to live in the addiction, and I hope, for you, so that you can honor the decedent, and again, give her family some hope that some ray of light comes from this awful loss that they're experiencing, that you get yourself clean, stay clean.
>
> Never forget that you have to keep your sobriety first and foremost, that is the one thing you need to take care of from the second your eyes open in the morning to the second you go to bed at night. That's got to be your first priority. Because you are

no good to anyone, and you're nothing but a negative power on the community in which you're residing if you don't. It is that serious. Somebody died at your hands, they did. And she may have known that you were under the influence when she got in the car, but she's an addict, too. And she's someone you professed to have loved, and I don't doubt that you did. But then you protect the people you love; you take a bullet for them. And I always say this, you can be an addict in relapse or in active addiction, but you don't ever have to put the keys in the car. There's a thing called Uber.

…

So I think, given the -- so again, one of two things: either, there's something within Mr. Kowalski that I can't begin to understand, that this would not have been the wakeup call, as the victim's mother said; or it speaks to the strength of his addiction. One of those two things, I have no way of knowing how he could let himself commit further crimes after the fact. Particularly, a DUI. So I respect the Commonwealth's position on the state drug treatment program for those reasons.

I'm not going to make him boot camp eligible. I don't think anything that shortens his sentence would be appropriate. I'll put him at the top end of the standard range; I'm not going to aggravate it, although I do note the aggravating factors. And the only reason being, that since he's been incarcerated, he's, at a minimum, at least saying the right things and doing the right things. Undoubtedly, it is a dollar short and day late.

But I think the more important thing is to make sure that there is a lengthy tail to this sentence, so that this never happens again. And if there does, then, your client[] gets warehoused, basically, to protect the community around him.

N.T., Sentencing, 12/11/24, at 8-10.

Further, the trial court reviewed a presentence investigation report ("PSI"). Where the trial court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A

- 13 -

pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Based on the above, Kowalski's challenge to the discretionary aspects of his sentence is meritless.

Having reviewed the issues raised in counsel's ***Anders*** brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous. As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025

- 14 -